UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------X
JODY KING,

                    Plaintiff,

       -against-

CEREBRAL PALSY ASSOCIATIONS OF
NEW YORK STATE, INC., d/b/a
CONSTRUCTIVE PARTNERSHIPS
UNLIMITED; and JAMES LEVY, ELVART
DIKIY, and JOSEPH PANCARI;

                    Defendants.
--------------------------------------------------------------X

**Case No.:**

**COMPLAINT**

**JURY TRIAL DEMANDED**

The Plaintiff, JODY KING (hereinafter "Plaintiff" or "King"), by and through his

attorneys, Shalom Law, PLLC, alleges and states as follows:

**PRELIMINARY STATEMENT & NATURE OF THE ACTION**

1.     Plaintiff brings this action against CEREBRAL PALSY ASSOCIATIONS OF

NEW YORK STATE, INC., d/b/a CONSTRUCTIVE PARTNERSHIPS UNLIMITED

(hereinafter "CP"), JAMES LEVY (hereinafter "Levy"), ELVART DIKIY (hereinafter "Dikiy"),

and JOSEPH PANCARI (hereinafter "Pancari") (Levy, Dikiy, and Pancari collectively

hereinafter the "Individual Defendants") (CP and the Individual Defendants collectively

hereinafter the "Defendants") for violations of the Family and Medical Leave Act (hereinafter

"FMLA"), 29 U.S.C. §§ 2601, *et seq*., the Americans with Disabilities Act (hereinafter the

"ADA"), 42 U.S.C. §§ 12101, *et seq*., the New York State Human Rights Law (hereinafter

"NYSHRL"), New York Executive Law § 296(1)(a), and the New York City Human Rights Law

(hereinafter "NYCHRL"), New York City Administrative Code § 8-107(1)(a).

2.      In this action, Plaintiff is seeking (i) compensatory damages; (ii) punitive damages; (iii) statutory attorneys' fees; (iv) back pay; (v) front pay; (vi) liquidated damages; (vii) emotional distress damages; and (viii) any other form of relief available by law or equity, from Defendants for their discrimination and retaliation against the Plaintiff for exercising his statutory rights to take job-protected leave, for their failure to engage in an interactive dialogue to determine whether Plaintiff may be entitled to a reasonable accommodation, for otherwise discriminating and retaliating against Plaintiff on account of his disability during his employment for availing himself of his rights, and for ultimately wrongfully terminating him in retaliation for lawfully taking time off to care for himself and his disability.

## PARTIES

3.      Plaintiff is a citizen of the State of New York, currently residing in the County of Bronx within the State of New York.

4.      Plaintiff was an employee of CP, as defined by the FMLA, ADA, NYSHRL, and NYCHRL, as he was employed to work for Defendants for well over **a decade**, at all relevant times from August 2009 to December 24, 2020.

5.      Defendant CP is a domestic corporation duly incorporated under the laws of the State of New York with its principal place of business in New York County within the State of New York.

6.      Upon information and belief, CP maintains offices and does business in, among other places, New York County within the State of New York.  CP is an employer as defined by the FMLA, ADA, NYSHRL, and NYCHRL.

7.      Upon information and belief, Defendant Levy is a citizen of the State of New York, currently residing in the County of New York.

8.      Levy was at all relevant times an agent of Defendant CP who had supervisory authority over Plaintiff and whose actions are imputed to Defendant CP under the doctrine of *respondeat superior*.

9.      Upon information and belief, Defendant Dikiy is a citizen of the State of New York, currently residing in the County of New York.

10.      Dikiy was at all relevant times an agent of Defendant CP who had supervisory authority over Plaintiff and whose actions are imputed to Defendant CP under the doctrine of *respondeat superior*.

11.      Upon information and belief, Defendant Pancari is a citizen of the State of New York, currently residing in the County of New York.

12.      Pancari was at all relevant times an agent of Defendant CP who had supervisory authority over Plaintiff and whose actions are imputed to Defendant CP under the doctrine of *respondeat superior*.

## JURISDICTION, VENUE, AND EXHAUSTION OF ADMINISTRATIVE REMEDIES

13.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under numerous federal laws, including, *inter alia*, the FMLA (29 U.S.C § 2617), and the ADA (42 U.S.C. § 12101).

14.      This Court has supplemental jurisdiction over Plaintiff's related claims arising under the NYSHRL, and the NYCHRL pursuant to 28 U.S.C. § 1367(a) because they are part of the same case or controversy and derive from a common nucleus of operative facts.

15.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because the unlawful employment practices complained of were committed within the Southern District of New York.

16.     Specifically, in or about March of 2020, Plaintiff sustained a severe injury to his back and was required to take time off from work to take care of his serious medical condition, as is within his statutory rights.

17.     Yet, Defendants took this opportunity to callously discriminate against Plaintiff based on his disability, and further failed to inform him of his eligibility for unpaid leave under the FMLA despite their clear obligation under the law to do so.

18.     Moreover, to add insult to injury, after denying him his rights under the FMLA and his subsequent attempt to return to work after obtaining short-term disability benefits provided by the State of New York, Defendants then wrongfully and unlawfully terminated Plaintiff.

19.     Accordingly, Plaintiff has timely filed a charge of disability discrimination and retaliation with the United States Equal Employment Opportunity Commission (hereinafter the "EEOC") on December 31, 2020.

20.     Plaintiff has received a Notice of Right to Sue against Defendant CP on March 20, 2021, a copy of which is annexed hereto as **Exhibit A**.

21.     Plaintiff has otherwise fully complied with all jurisdictional prerequisites required by this Court and under the ADA.

## FACTS

22.     For nearly eleven (11) years, Plaintiff dedicated himself tirelessly to the performance of his duties while employed for the benefit of CP as a highly successful Level 1 Behavioral Intervention Specialist.

23.     Throughout his nearly eleven (11) year tenure at CP, Plaintiff obtained exemplary performance reviews and has a virtually unblemished record of employment, rendering him qualified for his position.

24.     Unfortunately, however, in March of 2020, Plaintiff fell and sustained a serious injury to his back.

25.     Specifically, on March 19, 2020, Plaintiff's primary care doctor determined that Plaintiff had severely injured a spinal nerve and was going to need to remain out of work for treatment with a specialist, thus making him a qualified individual with a disability under the ADA, 29 C.F.R. § 1630.2(g)(1).

26.     Additionally, because Plaintiff's injury was to his spinal cord, his ability to engage in major life activities such as walking, standing, or sitting for long periods of time were substantially limited, as described under the ADA as amended by the ADA Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12102(2)(A) and 29 C.F.R. § 1630.2(i).

27.     Immediately after receiving his diagnosis from his doctor, Plaintiff put Defendants on notice of his disability by informing his supervisors of his condition, and by timely providing doctor's notes to Defendant CP.

28.     However, rather than treating Plaintiff with the dignity and respect he deserved for his decade-long loyal service, Defendants instead repeatedly subjected Plaintiff to adverse employment actions because of his disability, including discrimination, denial of reasonable accommodations, unlawful retaliation, and finally, wrongful termination, at the exact time when he most needed his legal right to job protection.

29.     Specifically, Defendant interfered with Plaintiff's access to accommodations by failing to provide him with notice of his rights, as is required by law. Such actions are in direct violation of the FMLA, 29 U.S.C. § 2615(a)(1).

30.     Although Plaintiff was qualified for FMLA leave because he had a serious medical condition, was employed for more than a year, and worked at least 1,250 hours in the year preceding his serious medical condition, Defendants failed to offer him benefits under the FMLA and Plaintiff instead availed himself of short-term disability benefits under state law.

31.     When those benefits were coming to an end, on December 14, 2020, Defendants informed Plaintiff that he was **terminated**, effective December 24, 2020, allegedly because his job was "being eliminated due to closing of the day habilitation and consolidating of roles and responsibilities."  Such a sudden change is suspicious and was pretext for the real reason Plaintiff was terminated – his availing himself of the right to job-protected leave.

32.     Indeed, Plaintiff conspicuously never received any prior notice from Defendants about any such impending "job elimination" before receiving Defendants' letter on December 14, 2020.

33.     Further, since being terminated, Plaintiff has actually found that CP has his exact job position listed as available to apply to on Indeed.com; therefore, Defendants lied to Plaintiff when they said his position was eliminated and the real reason for his termination was because he sought job-protected leave for his serious medical condition.

34.     Defendants interfered with Plaintiff's rights under the FMLA by firing Plaintiff in December of 2020 – right when his short-term disability benefits ended and he would be seeking to return to work.

35.     Moreover, Defendants completely and utterly failed to engage Plaintiff in an interactive dialogue to determine their ability to provide him with a reasonable accommodation.

36.     This is a *prima facie* violation of the ADA.

37.     In addition, because CP decided to implement its agents' baseless decision to fire Plaintiff, CP's actions violated the FMLA's and ADA's prohibition against taking adverse actions against an employee who is entitled to FMLA/ADA-approved leave.

38.     Upon information and belief, Defendants intentionally failed to inform Plaintiff of his eligibility for unpaid job-protected leave under the FMLA so that Defendants could "eliminate his job" right as his short-term disability benefits ended.  It was designed to get rid of him because Defendants did not want to deal with an employee who has a serious medical condition.

39.     Plaintiff's termination thereby constitutes unlawful discrimination and retaliation, since Defendants intentionally terminated Plaintiff because of his disability and in response to his notice of a serious medical condition and subsequent requests for reasonable accommodations, which is prohibited under the FMLA, ADA, NYCHRL, and the NYSHRL.

40.     Further, as a result of these violations, Plaintiff's ability to maintain his health coverage for his treatments has been complicated and threatened, which entitles him to statutory penalties, injunctive relief, attorneys' fees, costs and expenses, and other appropriate relief a Court may deem just, proper, and equitable.

## COUNT ONE

### Interference in Violation of the FMLA, 29 U.S.C. § 2615(a)(1)

41.     Plaintiff hereby repeats and realleges each and every paragraph above as though fully set forth herein.

42.     Defendant CP is an employer covered by the FMLA pursuant to 29 U.S.C. §2601, *et seq.*, as CP employs fifty (50) or more employees for each working day for at least twenty workweeks in the year prior to when Plaintiff went on leave.

43.     Further, the Individual Defendants are also subject to liability under the FMLA, pursuant to the Second Circuit's decision in *Graziadio v. Culinary Institute of America* and the FMLA's definition of "employer," which includes "any person acting, directly or indirectly, in the interest of a covered employer to any of the employees of the employer." 29 U.S.C.§ 2611(4)(A)(ii)(I); 29 C.F.R.§ 825.104(d); see also *Graziadio v. Culinary Inst. Of Am.*, 817 F.3d 415, 422 (2d Cir. 2016).

44.     Plaintiff is an FMLA-eligible employee because he was employed by CP for at least ten (10) years prior to requesting FMLA leave and been employed by CP for over 1,250 hours in the twelve (12) month period prior to his request.

45.     Plaintiff was entitled to FMLA leave because he suffered from a serious health condition that required him to take time off from work.

46.     In accordance with the FMLA, in or about March of 2020, Plaintiff notified Defendants of his serious health condition – his spine injury – which required an intensive treatment and medicine regimen, and time off to undergo same.

47.     Plaintiff was thus eligible for benefits under the FMLA.

48.     Defendants engaged in prohibited conduct under the FMLA by interfering with, concealing, refusing, restraining, and/or denying Plaintiff's rights provided under the FMLA.

49.     Defendants denied Plaintiff a benefit to which he is entitled under the FMLA in that it refused to provide him with notice of his rights under the FMLA pursuant to 29 U.S.C. § 2615(a)(1).

50.     Further, Defendants discouraged and prevented Plaintiff from obtaining benefits by refusing to provide him with notice of his rights.

51.     Defendants' actions utterly foreclosed Plaintiff's rights under the FMLA, including but not limited to his right to be returned to his position after taking lawful FMLA leave.

52.     As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has suffered and continues to suffer substantial losses, including expenses related to additional medical treatment and past and future lost wages and benefits.

53.     Plaintiff is also entitled to liquidated damages, attorneys' fees and costs, and any other damages recoverable under the law.

## COUNT TWO

### Retaliation in Violation of the FMLA, 29 U.S.C. § 2615(a)(2)

51.     Plaintiff hereby repeats and realleges each and every paragraph above as though fully set forth herein.

52.     Plaintiff was eligible to exercise his FMLA rights and take FMLA leave from March through December of 2020.

53.     Plaintiff was qualified for his position and had performed his job duties effectively prior to the acts complained of here.

54.     Plaintiff suffered an adverse employment action in that he was subjected to, among other things, wrongful termination.

55.     Defendant CP and the Individual Defendants began disparate treatment of Plaintiff *immediately* after he sought leave, and their disparate treatment culminated in his termination when he sought extended leave for his disability.

56.     Defendants' decision to fire Plaintiff in or around December of 2020 occurred immediately after he sought extended leave for his disability, though Defendants' alleged reason for firing Plaintiff was because of "job elimination," a clearly pretextual and unsupportable reason.

57.     Indeed, because Defendants sought to hire someone for Plaintiff's position on Indeed.com, it is clear that Defendants' alleged reason for terminating Plaintiff's employment is pretextual and baseless. Defendants fired Plaintiff because he sought time off from work due to his serious medical condition.

58.     Defendants' conduct constitutes unlawful retaliation against Plaintiff in violation of his rights under the FMLA, 29 U.S.C. § 2615(a).

59.     As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has suffered and continues to suffer substantial losses, including expenses related to additional medical treatment and past and future lost wages and benefits.

60.     Plaintiff is also entitled liquidated damages, attorneys' fees and costs, and any other damages recoverable under the law.

## COUNT THREE
### Failure to Provide a Reasonable Accommodation in Violation of the ADA, 42 U.S.C. §§ 12181, *et seq*.

61.     Plaintiff hereby repeats and realleges each and every paragraph above as though fully set forth herein.

62.     In March of 2020, Plaintiff was diagnosed a serious spinal injury, making him a "qualified individual with a disability" within the meaning of 42 U.S.C.A. § 12111 of the ADA. Plaintiff could not perform the essential functions of his job without a reasonable accommodation.

63.     Every two weeks from April of 2020 through the present day, Plaintiff notified Defendants about his disability, his need for the reasonable accommodation of leave, and provided doctor's notes documenting the same.

64.     However, Defendants altogether refused and failed to engage in an interactive dialogue with Plaintiff to determine whether he could be offered a reasonable accommodation, effectively denying Plaintiff's request for same, and instead summarily terminated him upon the expiration of his short-term disability benefits.

65.     Plaintiff therefore suffered damages as a result of Defendant's unlawful discriminatory actions, including emotional distress, past and future lost wages and benefits and the costs of bringing this action.

66.     Defendants intentionally violated Plaintiff's rights under the ADA with malice or reckless indifference, and, as a result, are liable for punitive damages and for any other damages recoverable under the law.

## **COUNT FOUR**

### **Retaliation in Violation of the ADA, 42 U.S.C. §§ 12181, *et seq.***

67.     Plaintiff hereby repeats and realleges each and every paragraph above as though fully set forth herein.

68.     Plaintiff was qualified for his position.

69.     In or about March of 2020, Plaintiff engaged in protected activity by notifying them of his disability and requesting reasonable accommodations as a result of same.

70.     Specifically, Plaintiff had requested the necessary time off his doctor recommended, and he subsequently sought to take job-protected leave.

71.     In December of 2020, while Plaintiff was not working due to his disability, he was summarily terminated, and given the excuse that his job was "eliminated."

72.     However, upon information and belief, Defendants' alleged reason for terminating Plaintiff's employment – that his job was somehow eliminated – is pretextual and baseless because Defendants sought to replace Plaintiff by posting his job on Indeed.com. They fired Plaintiff because he requested reasonable accommodations for his disability.

73.     Plaintiff suffered damages as a result of Defendants' unlawful retaliatory actions, including emotional distress damages, past and future lost wages and benefits, and the costs of bringing this action, together with any other damages recoverable under the law.

74.     Defendants intentionally violated Plaintiff's rights under the ADA, with malice or reckless indifference, and, as a result, are also liable for punitive damages.

## COUNT FIVE

### Discrimination in Violation of the NYSHRL, N.Y. Exec. Law § 296

75.     Plaintiff hereby repeats and realleges each and every paragraph above as though fully set forth herein.

76.     Pursuant to the NYSHRL, N.Y. Exec. Law § 296(1)(a), it shall be an unlawful discriminatory practice for an employer to refuse to hire or employ or to bar or to discharge from employment an individual because of an individual's disability or to discriminate against such individual in compensation or in terms, conditions, or privileges of employment.

77.     Pursuant to the NYSHRL § 297(9), any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages and such other remedies as may be appropriate.

78.     Additionally, according to NYSHRL § 296(6), it shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel, or coerce the doing of any of the acts forbidden under this article, or attempt to do so.

79.     Defendants, however, discriminated against Plaintiff in the terms and conditions of his employment because of his disability in violation of § 296(1)(a) of the NYSHRL.

80.     Plaintiff has been disabled since in or about March of 2020, and therefore is a member of a protected class under the NYSHRL.

81.     Despite having knowledge of Plaintiff's disability, Defendants still chose to engage in a course of conduct, as stated above, which resulted in adverse employment actions against Plaintiff because of his disability, including but not limited to failing to engage with Plaintiff in an interactive process to determine whether a reasonable accommodation could be offered.

82.     As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

## COUNT SIX

### Retaliation in Violation of the NYSHRL, N.Y. Exec. Law § 296

83.     Plaintiff hereby repeats and realleges each and every paragraph above as though fully set forth herein.

84.     Pursuant to the NYSHRL, it shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has opposed any practices forbidden under this article or because he or she has filed a complaint, testified, or assisted in any proceedings under this article.  See N.Y. Exec. Law § 296(7).

85.     Plaintiff engaged in a protected activity under the NYSHRL by requesting reasonable accommodations.

86.     Upon information and belief, Defendants were aware of the protected activity as Plaintiff notified Defendants of his disability.

87.     However, Defendants undertook adverse employment actions in response to Plaintiff's requests by denying his requests, failing to engage in an interactive dialogue with him to determine whether a reasonable accommodation could be made, and finally, by terminating him.

88.     As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

## COUNT SEVEN

**Discrimination in Violation of the NYCHRL, N.Y.C. Admin. Code § 8-107(1)(a)**

89.     Plaintiff hereby repeats and realleges each and every paragraph above as though fully set forth herein.

90.     The NYCHRL § 8-107(1)(a) provides that it shall be an unlawful discriminatory practice for an employer or an employee or agent thereof, because of the actual or perceived disability of any person to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions, or privileges of employment.

91.     Pursuant to the NYCHRL § 8-107(13), an employer is liable for unlawful discriminatory practices based upon the conduct of an employee where the employee exercised managerial or supervisory responsibility, or the employer knew of the employee's or agent's

discriminatory conduct and acquiesced in such conduct or failed to take immediate and appropriate corrective action.

92.     Furthermore, an employer shall be deemed to have knowledge of an employer's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility, or the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

93.     Pursuant to the NYCHRL § 8-107(6), it shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel, or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so.

94.     Additionally, according to NYCHRL § 8-502., any person claiming to be aggrieved by an unlawful discriminatory practice as defined in chapter one of this title shall have a cause of action in any court of competent jurisdiction for damages, including punitive damages, and for injunctive relief and such other remedies as may be appropriate.

95.     Defendants discriminated against Plaintiff because of his disability in violation of § 8-107(1)(a) of the NYCHRL.

96.     Since Plaintiff has been disabled since in or about March of 2020, he is a member of a protected class under the NYCHRL.

97.     Although Defendants were made aware of Plaintiff's disability, Defendants nonetheless willfully engaged in a course of conduct, as stated above, which resulted in adverse employment actions against Plaintiff because of his disability, including but not limited to failing to engage with Plaintiff in an interactive process to determine whether a reasonable accommodation could be offered to him.

98.     As a proximate result of Defendants' unlawful conduct, Plaintiff has suffered emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

## **COUNT EIGHT**

**Retaliation in Violation of the NYCHRL, N.Y.C. Admin. Code § 8-107(7)**

99.     Plaintiff hereby repeats and realleges each and every paragraph above as though fully set forth herein.

100.     Pursuant to the NYSHRL, N.Y.C. Admin. Code § 8-107(7), "it shall be an unlawful discriminatory practice to retaliate or discriminate against any person because such person has opposed any practice forbidden under this chapter, filed a complaint, testified, or assisted in any proceeding under this chapter, commenced a civil action alleging the commission of an act which would be an unlawful discriminatory practice under this chapter, assisted the commission or the corporation counsel in an investigation commenced pursuant to this title, or provided any information to the commission pursuant to the terms of a conciliation agreement made pursuant to § 8-115 of this chapter."

101.     Accordingly, New York City prohibits employers from taking adverse actions that would "dissuade a reasonable worker from making or supporting a charge of discrimination."

102.     Additionally, Courts have repeatedly held that making a request for a reasonable accommodation is analogous to making or supporting a charge of discrimination and cannot be retaliated against (see, e.g., *Solomon v. Vilsack*, 763 F.3d 1, 15 n.6 (D.C. Cir. 2014) (collecting cases from every Federal Circuit Court holding that requests for reasonable accommodation are protected activities).

103.     Thus, Plaintiff engaged in protected activity under the NYCHRL by requesting a reasonable accommodation for his disability.

104.    Upon information and belief, Defendants were aware of Plaintiff's protected activity.

105.    Defendants nonetheless undertook adverse employment actions against Plaintiff by refusing his requests for accommodations and terminating him.

106.    Defendants undertook these adverse employment actions against Plaintiff because he had been recently diagnosed with a disability and required medical leave, an unlawful motive under the NYCHRL.

107.    As a proximate result of Defendants' conduct, Plaintiff has suffered emotional distress, past and future lost wages and benefits, and the costs of bringing this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment from the Defendants as follows:

    A.   Accept jurisdiction over this case;

    B.   Award to Plaintiff his past and future loss of wages and benefits, plus statutory prejudgment and post-judgment interest;

    C.   Award of front pay to Plaintiff (including benefits);

    D.   Award of backpay to Plaintiff (including benefits);

    E.

    F.   Award of liquidated damages to Plaintiff for damages incurred in connection with this action, equal to the sum amount of backpay and interest or as otherwise provided by the causes of action;

    G.   Award of all costs and reasonable attorneys' fees to Plaintiff for all costs incurred in connection with this action;

    H.   Award of compensatory damages to Plaintiff;

I.   Award of emotional distress damages to Plaintiff;

J.   Award of punitive damages to Plaintiff for Defendant's willful, reckless, intentional, knowing, and/or malicious misconduct; and

K.   A grant of any such additional or alternative relief as the Court deems just and proper.

## <u>JURY DEMAND</u>

Plaintiff respectfully demands a trial by jury on all claims properly triable by a jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

Dated: Forest Hills, New York
          April 15, 2021

<div style="margin-left:40%">

Respectfully submitted,

**SHALOM LAW, PLLC**


<u>*/s/ Jonathan Shalom*</u>
Jonathan Shalom, Esq.
10513 Metropolitan Avenue
Forest Hills, NY 11375-6737
(718) 971-9474 (office)
(718) 865-0943 (facsimile)
Jonathan@shalomlawny.com

*Attorneys for Plaintiff*

</div>

18

**EXHIBIT A**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**New York District Office**

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
New York Direct Dial: (929) 506-5384
FAX (929) 506-5270
Website: www.eeoc.gov

March 22, 2021

Jonathan Shalom
Paralegal
SHALOM LAW, PLLC.
105-13 Metropolitan Avenue
Forest Hills, New York 11375

Re: Jody King v. CONSTRUCTIVE PARTNERSHIPS UNLIMITED
Charge # 520-2021-01190

Dear Mr. Shalom,

Enclosed please find the Right to Sue Notice you requested on March 3, 2021.

If you wish to file suit in this matter, you must do so within 90 days of your receipt of this notice.

If you have any questions, feel free to contact me at (929) 506-5287.


Sincerely,

L. Lockett
_____for
Judy Keenan
Deputy Director


Enc.