**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

JODY KING,

                              Plaintiff,

          -against-

CEREBRAL PALSY ASSOCIATIONS OF
NEW YORK STATE, INC. d/b/a
CONSTRUCTIVE PARTNERSHIPS
UNLIMITED, JAMES LEVY, ELVERT
DIKIY, and JOSEPH PANCARI,

                              Defendants.

1:21-CV-03327 (AJN) (RWL)

**DEFENDANTS' ANSWER TO**
**PLAINTIFF'S COMPLAINT**

Defendants United Cerebral Palsy Associations of New York State, Inc., sued herein incorrectly as "Cerebral Palsy Associations of New York State, Inc. d/b/a Constructive Partnerships Unlimited" ("CPU"), James Levy ("Levy"), Elvert Dikiy ("Dikiy"), Joseph Pancari ("Pancari") (collectively, with CPU, "Defendants"), by and through their undersigned counsel, Jackson Lewis P.C., hereby respond to the allegations set forth in the Complaint (the "Complaint") filed by Plaintiff Jody King ("Plaintiff") and state as follows:

### AS TO "PRELIMINARY STATEMENT & NATURE OF THE ACTION"

1.       Defendants admit that Plaintiff purports to assert claims under the Family and Medical Leave Act, the Americans with Disabilities Act, the New York State Human Rights Law, and the New York City Human Rights Law, but, except so admitted, deny the remaining allegations set forth in Paragraph "1" of the Complaint.

2.       The allegations set forth in Paragraph "2" of Plaintiff's Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "2" of the Complaint.

## AS TO "PARTIES"

3.      Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "3" of the Complaint.

4.      The allegations set forth in Paragraph "4" of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "4" of the Complaint, except aver that Plaintiff was employed by CPU from approximately August 10, 2009 through on or about December 24, 2020.

5.      Defendants deny the allegations set forth in Paragraph "5" of the Complaint, except aver that CPU is a domestic not-for-profit corporation headquartered in New York County in New York State.

6.      The allegations set forth in Paragraph "6" of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "6" of the Complaint, except aver that CPU is a domestic not-for-profit corporation headquartered in New York County in New York State.

7.      Defendants deny the allegations set forth in Paragraph "7" of the Complaint, except aver that Levy currently resides in New York County.

8.      The allegations set forth in Paragraph "8" of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "8" of the Complaint, except aver that Levy had supervisory authority over Plaintiff while he was employed by CPU from approximately August 3, 2015 through December 24, 2020.

9.     Defendants deny the allegations set forth in Paragraph "9" of the Complaint, except aver that Dikiy currently resides in New York County.

10.    The allegations set forth in Paragraph "10" of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "10" of the Complaint, except aver that Dikiy had supervisory authority over Plaintiff while he was employed by CPU from approximately October 1, 2016 through December 24, 2020.

11.    Defendants deny the allegations set forth in Paragraph "11" of the Complaint, except aver that Pancari currently resides in New York State.

12.    The allegations set forth in Paragraph "12" of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "12" of the Complaint, except aver that Pancari had supervisory authority over Plaintiff while he was employed by CPU from approximately August 10, 2009 through December 24, 2020.

## JURISTICTION, VENUE, AND EXHAUSTION OF ADMINISTRATIVE REMEDIES

13.    The allegations set forth in Paragraph "13" of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendants admit that this Court has subject matter jurisdiction, generally, pursuant to the statutes cited in Paragraph "13" of the Complaint, but deny that jurisdiction should be exercised in this case, and further deny all remaining allegations set forth in Paragraph "13" of the Complaint.

14.    The allegations set forth in Paragraph "14" of the Complaint state conclusions of law to which no response is required.  To the extent a response is required,

Defendants deny that the Court should exercise supplemental jurisdiction, and deny all remaining allegations set forth in Paragraph "14" of the Complaint.

15.     The allegations set forth in Paragraph "15" of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendants deny that this Court should exercise jurisdiction in this case, but admit that to the extent venue is proper, venue is appropriate in the Southern District of New York, and further deny all remaining allegations set forth in Paragraph "15" of the Complaint.

16.     The allegations set forth in Paragraph "16" of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "16" of the Complaint.

17.     Defendants deny the allegations set forth in Paragraph "17" of the Complaint.

18.     The allegations set forth in Paragraph "18" of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendants deny all remaining allegations set forth in Paragraph "18" of the Complaint.

19.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "19" of the Complaint.

20.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "20" of the Complaint.

21.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "21" of the Complaint.

## AS TO "FACTUAL ALLEGATIONS"

22.     Defendants deny the allegations set forth in Paragraph "22" of the Complaint, except aver Plaintiff was employed by CPU as a full time Level 1 Behavioral Intervention Specialist from approximately August 10, 2009 through December 24, 2020.

23.     Defendants deny the allegations set forth in Paragraph "23" of the Complaint, except aver that Plaintiff was employed in a full time position by CPU for nearly eleven years.

24.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "24" of the Complaint.

25.     The allegations set forth in Paragraph "25" of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "25" of the Complaint.

26.     The allegations set forth in Paragraph "26" of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "26" of the Complaint.

27.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "27" of the Complaint, and Defendants respectfully refer the Court to Plaintiff's doctor's notes for their true and accurate content.

28.     Defendants deny the allegations set forth in Paragraph "28" of the Complaint.

29.     The allegations set forth in Paragraph "29" of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendants deny all remaining allegations set forth in Paragraph "29" of the Complaint.

30.     The allegations set forth in Paragraph "30" of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendants deny all remaining allegations set forth in Paragraph "30" of the Complaint, except aver Plaintiff availed himself of short-term disability benefits under New York State law.

31.     Defendants deny the allegations set forth in Paragraph "31" of the Complaint.

32.     Defendants deny the allegations set forth in Paragraph "32" of the Complaint.

33.     Defendants deny the allegations set forth in Paragraph "33" of the Complaint.

34.     The allegations set forth in Paragraph "34" of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendants deny all remaining allegations set forth in Paragraph "34" of the Complaint.

35.     Defendants deny the allegations set forth in Paragraph "35" of the Complaint.

36.     The allegations set forth in Paragraph "36" of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendants deny all remaining allegations set forth in Paragraph "36" of the Complaint.

37.     The allegations set forth in Paragraph "37" of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendants deny all remaining allegations set forth in Paragraph "37" of the Complaint.

38.     The allegations set forth in Paragraph "38" of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendants deny all remaining allegations set forth in Paragraph "38" of the Complaint.

39.     The allegations set forth in Paragraph "39" of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendants deny all remaining allegations set forth in Paragraph "39" of the Complaint.

40.     The allegations set forth in Paragraph "40" of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendants deny all remaining allegations set forth in Paragraph "40" of the Complaint.

## AS TO "COUNT ONE: Interference in Violation of the FMLA, 29 U.S.C. § 2615(a)(1)"

41.     Defendants repeat and reallege their responses to the allegations contained in Paragraphs "1" through "40" of the Complaint, as though fully set forth herein.

42.     The allegations set forth in Paragraph "42" of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendants aver that CPU is an "employer covered by the FMLA".

43.     The allegations set forth in Paragraph "43" of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "43" of the Complaint.

44.     The allegations set forth in Paragraph "44" of the Complaint state conclusions of law to which no response is required.  To the extent a response is required,

Case 1:21-cv-03327-AJN   Document 15   Filed 06/18/21   Page 8 of 23


Defendants aver that Plaintiff commenced employment in a full time position with CPU in or around August 10, 2009.

45.     The allegations set forth in Paragraph "45" of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "45" of the Complaint.

46.     The allegations set forth in Paragraph "46" of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "46" of the Complaint, and Defendants respectfully refer the Court to Plaintiff's doctor's notes for their true and accurate content.

47.     The allegations set forth in Paragraph "47" of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "47" of the Complaint.

48.     Defendants deny the allegations set forth in Paragraph "48" of the Complaint.

49.     Defendants deny the allegations set forth in Paragraph "49" of the Complaint.

50.     Defendants deny the allegations set forth in Paragraph "50" of the Complaint.

51.     Defendants deny the allegations set forth in Paragraph "51" of the Complaint.

52.     Defendants deny the allegations set forth in Paragraph "52" of the Complaint.

53.     Defendants deny the allegations set forth in Paragraph "53" of the Complaint.

### AS TO "COUNT TWO: Retaliation in Violation of the FMLA, 29 U.S.C. § 2615(a)(2)"

54.     Defendants note that the Paragraph numbering in the Complaint is in error, and that this Paragraph responds to Paragraph "51" under Count Two of the Complaint. Defendants repeat and reallege their responses to the allegations contained in each and every Paragraph above, as though fully set forth herein.

55.     Defendants note that the Paragraph numbering in the Complaint is in error, and that this Paragraph responds to Paragraph "52" under Count Two of the Complaint. The allegations set forth in Paragraph "52" under Count Two of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "52" under Count Two of the Complaint.

56.     Defendants note that the Paragraph numbering in the Complaint is in error, and that this Paragraph responds to Paragraph "53" under Count Two of the Complaint. The allegations set forth in Paragraph "53" under Count Two of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "53" under Count Two of the Complaint.

57.     Defendants note that the Paragraph numbering in the Complaint is in error, and that this Paragraph responds to Paragraph "54" under Count Two of the Complaint. The allegations set forth in Paragraph "54" under Count Two of the Complaint state conclusions of law

to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "54" under Count Two of the Complaint.

58.     Defendants note that the Paragraph numbering in the Complaint is in error, and that this Paragraph responds to Paragraph "55" under Count Two of the Complaint. Defendants deny the allegations set forth in Paragraph "55" under Count Two of the Complaint.

59.     Defendants note that the Paragraph numbering in the Complaint is in error, and that this Paragraph responds to Paragraph "56" under Count Two of the Complaint. Defendants deny the allegations set forth in Paragraph "56" under Count Two of the Complaint.

60.     Defendants note that the Paragraph numbering in the Complaint is in error, and that this Paragraph responds to Paragraph "57" under Count Two of the Complaint. Defendants deny the allegations set forth in Paragraph "57" under Count Two of the Complaint.

61.     Defendants note that the Paragraph numbering in the Complaint is in error, and that this Paragraph responds to Paragraph "58" under Count Two of the Complaint. The allegations set forth in Paragraph "58" under Count Two of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "58" under Count Two of the Complaint.

62.     Defendants note that the Paragraph numbering in the Complaint is in error, and that this Paragraph responds to Paragraph "59" under Count Two of the Complaint. The allegations set forth in Paragraph "59" under Count Two of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "59" under Count Two of the Complaint.

63.     Defendants note that the Paragraph numbering in the Complaint is in error, and that this Paragraph responds to Paragraph "60" under Count Two of the Complaint. Defendants deny the allegations set forth in Paragraph "60" under Count Two of the Complaint.

## AS TO "COUNT THREE: Failure to Provide a Reasonable Accommodation in Violation of the ADA, 42 U.S.C. §§ 12181, *et seq.*"

64.     Defendants note that the Paragraph numbering in the Complaint is in error, and that this Paragraph responds to Paragraph "61" under Count Three of the Complaint. Defendants repeat and reallege their responses to the allegations contained in each and every Paragraph above, as though fully set forth herein.

65.     Defendants note that the Paragraph numbering in the Complaint is in error, and that this Paragraph responds to Paragraph "62" under Count Three of the Complaint. The allegations set forth in Paragraph "62" under Count Three of the Complaint state conclusions of law to which no response is required.  Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "62" under Count Three of the Complaint.

66.     Defendants note that the Paragraph numbering in the Complaint is in error, and that this Paragraph responds to Paragraph "63" under Count Three of the Complaint. Defendants deny the allegations set forth in Paragraph "63" under Count Three of the Complaint, except Defendants respectfully refer the Court to Plaintiff's doctor's notes for their true and accurate content.

67.     Defendants note that the Paragraph numbering in the Complaint is in error, and that this Paragraph responds to Paragraph "64" under Count Three of the Complaint. Defendants deny the allegations set forth in Paragraph "64" under Count Three of the Complaint.

68.     Defendants note that the Paragraph numbering in the Complaint is in error, and that this Paragraph responds to Paragraph "65" under Count Three of the Complaint. Defendants deny the allegations set forth in Paragraph "65" under Count Three of the Complaint.

69.     Defendants note that the Paragraph numbering in the Complaint is in error, and that this Paragraph responds to Paragraph "66" under Count Three of the Complaint. Defendants deny the allegations set forth in Paragraph "66" under Count Three of the Complaint.

### AS TO "COUNT FOUR: Retaliation in Violation of the ADA, 42 U.S.C. §§ 12181, *et seq.*"

70.     Defendants note that the Paragraph numbering in the Complaint is in error, and that this Paragraph responds to Paragraph "67" under Count Four of the Complaint. Defendants repeat and reallege their responses to the allegations contained in each and every Paragraph above, as though fully set forth herein.

71.     Defendants note that the Paragraph numbering in the Complaint is in error, and that this Paragraph responds to Paragraph "68" under Count Four of the Complaint. Defendants deny the allegations set forth in Paragraph "68" under Count Four of the Complaint.

72.     Defendants note that the Paragraph numbering in the Complaint is in error, and that this Paragraph responds to Paragraph "69" under Count Four of the Complaint. Defendants deny the allegations set forth in Paragraph "69" under Count Four of the Complaint, except Defendants respectfully refer the Court to Plaintiff's doctor's notes for their true and accurate content.

73.     Defendants note that the Paragraph numbering in the Complaint is in error, and that this Paragraph responds to Paragraph "70" under Count Four of the Complaint. Defendants deny the allegations set forth in Paragraph "70" under Count Four of the Complaint,

except Defendants respectfully refer the Court to Plaintiff's doctor's notes for their true and accurate content.

74.     Defendants note that the Paragraph numbering in the Complaint is in error, and that this Paragraph responds to Paragraph "71" under Count Four of the Complaint. Defendants deny the allegations set forth in Paragraph "71" under Count Four of the Complaint.

75.     Defendants note that the Paragraph numbering in the Complaint is in error, and that this Paragraph responds to Paragraph "72" under Count Four of the Complaint. Defendants deny the allegations set forth in Paragraph "72" under Count Four of the Complaint.

76.     Defendants note that the Paragraph numbering in the Complaint is in error, and that this Paragraph responds to Paragraph "73" under Count Four of the Complaint. Defendants deny the allegations set forth in Paragraph "73" under Count Four of the Complaint.

77.     Defendants note that the Paragraph numbering in the Complaint is in error, and that this Paragraph responds to Paragraph "74" under Count Four of the Complaint. Defendants deny the allegations set forth in Paragraph "74" under Count Four of the Complaint.

### AS TO "COUNT FIVE: Discrimination in Violation of the NYSHRL, N.Y. Exec. Law § 296"

78.     Defendants note that the Paragraph numbering in the Complaint is in error, and that this Paragraph responds to Paragraph "75" under Count Five of the Complaint. Defendants repeat and reallege their responses to the allegations contained in each and every Paragraph above, as though fully set forth herein.

79.     Defendants note that the Paragraph numbering in the Complaint is in error, and that this Paragraph responds to Paragraph "76" under Count Five of the Complaint. The allegations set forth in Paragraph "76" under Count Five of the Complaint state conclusions of law

to which no response is required.  Defendants respectfully refer the Court to N.Y. Exec. Law § 296(1)(a) for its true and accurate content.

80.     Defendants note that the Paragraph numbering in the Complaint is in error, and that this Paragraph responds to Paragraph "77" under Count Five of the Complaint. The allegations set forth in Paragraph "77" under Count Five of the Complaint state conclusions of law to which no response is required.  Defendants respectfully refer the Court to N.Y. Exec. Law § 297(9) for its true and accurate content.

81.     Defendants note that the Paragraph numbering in the Complaint is in error, and that this Paragraph responds to Paragraph "78" under Count Five of the Complaint. The allegations set forth in Paragraph "78" under Count Five of the Complaint state conclusions of law to which no response is required.  Defendants respectfully refer the Court to N.Y. Exec. Law § 296(6) for its true and accurate content.

82.     Defendants note that the Paragraph numbering in the Complaint is in error, and that this Paragraph responds to Paragraph "79" under Count Five of the Complaint. The allegations set forth in Paragraph "79" under Count Five of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendants deny all remaining allegations set forth in Paragraph "79" under Count Five of the Complaint.

83.     Defendants note that the Paragraph numbering in the Complaint is in error, and that this Paragraph responds to Paragraph "80" under Count Five of the Complaint. The allegations set forth in Paragraph "80" under Count Five of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "80" of the Complaint.

84.     Defendants note that the Paragraph numbering in the Complaint is in error, and that this Paragraph responds to Paragraph "81" under Count Five of the Complaint. Defendants deny the allegations set forth in Paragraph "81" under Count Five of the Complaint.

85.     Defendants note that the Paragraph numbering in the Complaint is in error, and that this Paragraph responds to Paragraph "82" under Count Five of the Complaint. Defendants deny the allegations set forth in Paragraph "82" under Count Five of the Complaint.

## AS TO "COUNT SIX: Retaliation in Violation of the NYSHRL, N.Y. Exec. Law § 296)"

86.     Defendants note that the Paragraph numbering in the Complaint is in error, and that this Paragraph responds to Paragraph "83" under Count Six of the Complaint. Defendants repeat and reallege their responses to the allegations contained in each and every Paragraph above, as though fully set forth herein.

87.     Defendants note that the Paragraph numbering in the Complaint is in error, and that this Paragraph responds to Paragraph "84" under Count Six of the Complaint. The allegations set forth in Paragraph "84" under Count Six of the Complaint state conclusions of law to which no response is required.  Defendants respectfully refer the Court to N.Y. Exec. Law § 296(7) for its true and accurate content.

88.     Defendants note that the Paragraph numbering in the Complaint is in error, and that this Paragraph responds to Paragraph "85" under Count Six of the Complaint. The allegations set forth in Paragraph "85" under Count Six of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "85" of the Complaint.

89.     Defendants note that the Paragraph numbering in the Complaint is in error, and that this Paragraph responds to Paragraph "86" under Count Six of the Complaint. The

allegations set forth in Paragraph "86" under Count Six of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "86" of the Complaint.

90.     Defendants note that the Paragraph numbering in the Complaint is in error, and that this Paragraph responds to Paragraph "87" under Count Six of the Complaint. The allegations set forth in Paragraph "87" under Count Six of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "87" of the Complaint.

91.     Defendants note that the Paragraph numbering in the Complaint is in error, and that this Paragraph responds to Paragraph "88" under Count Six of the Complaint. The allegations set forth in Paragraph "88" under Count Six of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "88" of the Complaint.

## AS TO "COUNT SEVEN: Discrimination in Violation of the NYCHRL, N.Y.C. Admin. Code § 8-107(1)(a)

92.     Defendants note that the Paragraph numbering in the Complaint is in error, and that this Paragraph responds to Paragraph "89" under Count Seven of the Complaint. Defendants repeat and reallege their responses to the allegations contained in each and every Paragraph above, as though fully set forth herein.

93.     Defendants note that the Paragraph numbering in the Complaint is in error, and that this Paragraph responds to Paragraph "90" under Count Seven of the Complaint. The allegations set forth in Paragraph "90" under Count Seven of the Complaint state conclusions of law to which no response is required.  Defendants respectfully refer the Court to N.Y.C. Admin. Code § 8-107(1)(a) for its true and accurate content.

94.     Defendants note that the Paragraph numbering in the Complaint is in error, and that this Paragraph responds to Paragraph "91" under Count Seven of the Complaint. The allegations set forth in Paragraph "91" under Count Seven of the Complaint state conclusions of law to which no response is required.  Defendants respectfully refer the Court to N.Y.C. Admin. Code § 8-107(13) for its true and accurate content.

95.     Defendants note that the Paragraph numbering in the Complaint is in error, and that this Paragraph responds to Paragraph "92" under Count Seven of the Complaint. The allegations set forth in Paragraph "92" under Count Seven of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "92" under Count Seven of the Complaint.

96.     Defendants note that the Paragraph numbering in the Complaint is in error, and that this Paragraph responds to Paragraph "93" under Count Seven of the Complaint. The allegations set forth in Paragraph "93" under Count Seven of the Complaint state conclusions of law to which no response is required.  Defendants respectfully refer the Court to N.Y.C. Admin. Code § 8-107(6) for its true and accurate content.

97.     Defendants note that the Paragraph numbering in the Complaint is in error, and that this Paragraph responds to Paragraph "94" under Count Seven of the Complaint. The allegations set forth in Paragraph "94" under Count Seven of the Complaint state conclusions of law to which no response is required.  Defendants respectfully refer the Court to N.Y.C. Admin. Code § 8-502 for its true and accurate content.

98.     Defendants note that the Paragraph numbering in the Complaint is in error, and that this Paragraph responds to Paragraph "95" under Count Seven of the Complaint. The allegations set forth in Paragraph "95" under Count Seven of the Complaint state conclusions of

law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "95" under Count Seven of the Complaint.

99.     Defendants note that the Paragraph numbering in the Complaint is in error, and that this Paragraph responds to Paragraph "96" under Count Seven of the Complaint. The allegations set forth in Paragraph "96" under Count Seven of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "96" of the Complaint.

100.     Defendants note that the Paragraph numbering in the Complaint is in error, and that this Paragraph responds to Paragraph "97" under Count Seven of the Complaint. Defendants deny the allegations set forth in Paragraph "97" under Count Seven of the Complaint.

101.     Defendants note that the Paragraph numbering in the Complaint is in error, and that this Paragraph responds to Paragraph "98" under Count Seven of the Complaint. The allegations set forth in Paragraph "98" under Count Seven of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "98" of the Complaint.

### AS TO "COUNT EIGHT: Retaliation in Violation of the NYCHRL, N.Y.C. Admin Code § 8-107(7)"

102.     Defendants note that the Paragraph numbering in the Complaint is in error, and that this Paragraph responds to Paragraph "99" under Count Eight of the Complaint. Defendants repeat and reallege their responses to the allegations contained in each and every Paragraph above, as though fully set forth herein.

103.     Defendants note that the Paragraph numbering in the Complaint is in error, and that this Paragraph responds to Paragraph "100" under Count Eight of the Complaint. The

allegations set forth in Paragraph "100" under Count Eight of the Complaint state conclusions of law to which no response is required.  Defendants respectfully refer the Court to N.Y.C. Admin. Code § 8-107(7) for its true and accurate content.

104.    Defendants note that the Paragraph numbering in the Complaint is in error, and that this Paragraph responds to Paragraph "101" under Count Eight of the Complaint. The allegations set forth in Paragraph "101" under Count Eight of the Complaint state conclusions of law to which no response is required.

105.    Defendants note that the Paragraph numbering in the Complaint is in error, and that this Paragraph responds to Paragraph "102" under Count Eight of the Complaint. The allegations set forth in Paragraph "102" under Count Eight of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph "102" under Count Eight of the Complaint.

106.     Defendants note that the Paragraph numbering in the Complaint is in error, and that this Paragraph responds to Paragraph "103" under Count Eight of the Complaint. Defendants deny the allegations set forth in Paragraph "103" under Count Eight of the Complaint, except Defendants respectfully refer the Court to Plaintiff's doctor's notes for their true and accurate content.

107.    Defendants note that the Paragraph numbering in the Complaint is in error, and that this Paragraph responds to Paragraph "104" under Count Eight of the Complaint. The allegations set forth in Paragraph "104" under Count Eight of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "104" of the Complaint.

108.     Defendants note that the Paragraph numbering in the Complaint is in error, and that this Paragraph responds to Paragraph "105" under Count Eight of the Complaint. Defendants deny the allegations set forth in Paragraph "105" under Count Eight of the Complaint.

109.     Defendants note that the Paragraph numbering in the Complaint is in error, and that this Paragraph responds to Paragraph "106" under Count Eight of the Complaint. The allegations set forth in Paragraph "106" under Count Eight of the Complaint state conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations set forth in Paragraph "106" of the Complaint.

110.     Defendants note that the Paragraph numbering in the Complaint is in error, and that this Paragraph responds to Paragraph "107" under Count Eight of the Complaint. Defendants deny the allegations set forth in Paragraph "107" of the Complaint.

## AS TO "PRAYER FOR RELIEF"

Defendants deny that Plaintiff is entitled to the relief specified in the "Prayer For Relief" section of the Complaint, including sub-paragraphs "A" through "K" and specifically deny that Plaintiff is entitled to any of the relief he seeks.

## AS TO "JURY DEMAND"

Defendants admit that Plaintiff demands a trial by jury and deny that Plaintiff has stated a claim or is entitled to any relief whatsoever.

## AS AND FOR AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that it would not otherwise have.  Defendants reserve the right to assert additional defenses as they may become known during the course of discovery and trial preparation or otherwise.

**AS AND FOR DEFENDANTS' FIRST DEFENSE**

1.      The Complaint should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted.

**AS AND FOR DEFENDANTS' SECOND DEFENSE**

2.      At all times relevant hereto, Defendants acted in good faith and did not violate any rights which may be secured to Plaintiff under federal, state, or local laws, rules, regulations, or guidelines.

**AS AND FOR DEFENDANTS' THIRD DEFENSE**

3.      Any and all actions taken by Defendants with regard to Plaintiff were based on legitimate, non-discriminatory, and non-retaliatory business reasons, and would have been taken regardless of Plaintiff's alleged disability or alleged complaints about his employment.

**AS AND FOR DEFENDANTS' FOURTH DEFENSE**

4.      Plaintiff's claims for discrimination and retaliation are barred and/or any recovery of damages is precluded, in whole or in part, because Defendants exercised reasonable care to prevent and promptly correct any alleged discriminatory or retaliatory behavior.

**AS AND FOR DEFENDANTS' FIFTH DEFENSE**

5.      Plaintiff's claims for discrimination and retaliation are barred and/or any recovery of damages is precluded because Plaintiff unreasonably failed to take advantage of Defendants' preventive and/or corrective opportunities or to otherwise avoid harm.

**AS AND FOR DEFENDANTS' SIXTH DEFENSE**

6.      Plaintiff's claims for damages are barred, in whole or in part, because he failed to use reasonable diligence to mitigate and/or minimize his alleged damages.

## AS AND FOR DEFENDANTS' SEVENTH DEFENSE

7.      Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel, waiver, the after-acquired evidence doctrine, and/or other equitable defenses.

## AS AND FOR DEFENDANTS' EIGHTH DEFENSE

9.      Plaintiff's claims are barred, in whole or in part, because he did not suffer damages attributable to any allegedly wrongful conduct by Defendants and/or because any damages or injuries were caused by Plaintiff's own conduct or the conduct of third parties.

## AS AND FOR DEFENDANTS' NINTH DEFENSE

10.      Plaintiff is not entitled to recover any punitive damages against Defendants because, *inter alia*, Defendants acted in good faith and did not commit, ratify, authorize, or acquiesce in any malicious, willful, or reckless acts or omissions.

## AS AND FOR DEFENDANTS' TENTH DEFENSE

11.      Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands and *in pari delicto*.

## AS AND FOR DEFENDANTS' ELEVENTH DEFENSE

12.      Plaintiff's federal claims should be dismissed to the extent that Plaintiff failed to exhaust his administrative remedies.

## AS AND FOR DEFENDANTS' TWELFTH DEFENSE

13.      Plaintiff's claims against the individual Defendants should be dismissed to the extent that they are not employers within the meaning of the statutes cited within Plaintiff's complaint and thus cannot be held liable in their individual capacity.

## <u>AS AND FOR DEFENDANTS' THIRTEENTH DEFENSE</u>

13.     Defendants reserve the right to amend their answer to raise additional affirmative or other defenses or to pursue any available counterclaim against Plaintiff as those claims or defenses become known during the litigation.

**WHEREFORE**, Defendants respectfully request that this Court:

a.     Dismiss the Complaint in its entirety, with prejudice;

b.     Deny each and every demand, claim, and prayer for relief contained therein;

c.     Award Defendants reasonable attorneys' fees and costs incurred in defending against this meritless action; and

d.     Grant such other and further relief to Defendants as the Court deems just and proper.

Respectfully submitted,

JACKSON LEWIS P.C.
666 Third Avenue
New York, New York 10017
(212) 545-4000


Dated:  June 18, 2021          By:     /s/ Wendy J. Mellk
        New York, New York             Wendy J. Mellk
                                       Gregory S. Slotnick


ATTORNEYS FOR DEFENDANTS

23